IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JULIE SIZEMORE                                                    PLAINTIFF

v.                      CIVIL NO. 16-5030

NANCY A. BERRYHILL,
Acting Commissioner, Social Security Administration[1]        DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Julie Sizemore, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for a period of disability, disability insurance benefits ("DIB") and supplemental security income ("SSI") under the provisions of Titles II and XVI of the Social Security Act ("Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.**      **Procedural Background:**

Plaintiff protectively filed her applications for DIB and SSI on May 8, 2013. (ECF No. 11, p. 37). In her applications, Plaintiff alleges disability due to arthritis, diabetes, bulging disc, depression, and anxiety. (ECF No. 10, p. 258). Plaintiff alleges an onset date of May 2, 2013.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

(ECF No. 11, pp. 37, 226). These applications were denied initially and again upon reconsideration. (ECF No. 11, pp. 84-131).

Thereafter, Plaintiff requested an administrative hearing on her denied applications, and this hearing request was granted. (ECF No. 11, pp. 149-55). Plaintiff's administrative hearing was held on June 3, 2014, in Fort Smith, Arkansas (ECF No. 11, pp. 53-82). Plaintiff appeared via video teleconference and was represented by Nicholas Coleman. Id. Plaintiff and Vocational Expert ("VE") Jim Spragins testified at this hearing. Id. At the time of this hearing, Plaintiff was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. §§ 404.1563(c), 416.963(c). As for her level of education, Plaintiff completed the seventh grade. (ECF No. 11, p. 60).

After this hearing, on September 26, 2014, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (ECF No. 11, pp. 33-47). In this decision, the ALJ found Plaintiff last met the insured status requirements of the Act through December 31, 2017. (ECF No. 11, p. 39, Finding 1). The ALJ also found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 2, 2013, Plaintiff's alleged onset date. (ECF No. 11, p. 39, Finding 2). The ALJ determined Plaintiff had the following severe impairments: Musculoskeletal Disorders (Back Disorder, degenerative disc disease) (7240) and (Osteoarthritis, knee post surgery) (7150). (ECF No. 11, pp. 39-41, Finding 3). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Part 404 ("Listings"). (ECF No. 11, p. 41, Finding 4).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (ECF No. 11, pp. 41-415, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found

2

her claimed limitations were not entirely credible. Id. Second, the ALJ determined Plaintiff retained the RFC to perform

> sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) except as follows: [She] can frequently lift and/or carry less than ten pounds and occasionally ten pounds, push and/or pull within the limits for lifting and carrying, sit for a total of six hours in an eight hour workday, and stand and/or walk for a total of at least two hours in an eight hour workday. [She[ cannot climb ladders, scaffolds, or ropes. [She] can occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl. [She] is limited to jobs that can be performed while using a hand held assistive device for prolonged ambulation.

Id. The ALJ then determined Plaintiff was unable to perform her Past Relevant Work ("PRW"). (ECF No. 11, p. 45, Finding 6). Based on Plaintiff's age, education, work experience, and RFC, the ALJ determined there were jobs existing in significant numbers in the national economy Plaintiff could perform, such as a small product assembler or document preparer. (ECF No. 11, p. 46, Finding 10). The ALJ therefore determined Plaintiff had not been under a disability, as defined by the Act, from May 2, 2013, Plaintiff's alleged onset date, through September 26, 2014, the date of the ALJ's decision. (ECF No. 11, p. 46, Finding 11).

Thereafter, on November 25, 2014, Plaintiff requested a review by the Appeals Council (ECF. No. 11, pp. 31-32). The Appeals Council denied this request on December 11, 20215. (ECF No. 11, pp. 5-12). On February 10, 2016, Plaintiff filed the present appeal with this Court. (ECF No. 1). The parties consented to the jurisdiction of this Court on March 1, 2016. (ECF No. 7). This case is now ready for decision.

**II.  Applicable Law:**

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. Vossen v. Astrue, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. Teague v. Astrue, 638 F.3d 611, 614 (8th

3

Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. Blackburn v. Colvin, 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. Miller v. Colvin, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. Id.

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); See also 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the

national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if she reaches the final stage does the fact finder consider Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III. Discussion:

Plaintiff raises four issues on appeal: 1) The ALJ erred by failing to find that Plaintiff's diabetes, fibromyalgia, and polyarthritis were severe impairments; 2) the ALJ's RFC determination is not supported by substantial evidence; 3) New evidence submitted to the Appeals Council is new and material; and 4) The ALJ failed to evaluate Plaintiff's subjective complaints in accordance with Polaski. (ECF No. 12).

#### A. Severe Impairments

At Step Two, a claimant has the burden of providing evidence of functional limitations in support of their contention of disability. Kirby v. Astrue, 500 F.3d 705, 707 (8th Cir. 2007). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." Id. (citing Bowen v. Yuckert, 482 U.S. 137, 153 (1987); 20 C.F.R. § 416.922(a)). "If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two." Id. (citing Page v. Astrue, 484 F.3d 1040, 1043 (8th Cir. 2007)).

Plaintiff argues the ALJ's determination that Plaintiff's alleged diabetes, fibromyalgia, and polyarthritis were non-severe impairments requires remand. (ECF No. 12). At the outset, this Court notes that the ALJ determined Plaintiff had multiple severe impairments and

5

proceeded to step four of the sequential evaluation process. At step four, the ALJ, in forming Plaintiff's RFC, is required to consider all of Plaintiff's impairments, "even those that are not severe." 20 C.F.R. §§ 404.1545(e), 416.945(e).

The ALJ separately discussed Plaintiff's alleged diabetes, fibromyalgia, and polyarthritis. This Court notes that a mere diagnosis is not sufficient to prove disability, absent some evidence to establish a functional loss resulting from that diagnosis. See Trenary v. Bowen, 898 F.2d 1361, 1364 (8th Cir. 1990). Alleged impairments may not be considered severe when they are stabilized by treatment and otherwise are generally unsupported by the medical record. Johnston v. Apfel, 210 F.3d 870, 875 (8th Cir. 2000). Treatment notes from January 17, 2011, indicate Plaintiff's diabetes was under control with use of Metformin. (ECF No. 11, p. 298). Dr. Walton's treatment notes from November 18, 2013, indicate Plaintiff was using an insulin pump to control her diabetes. (ECF No. 11, p. 445). Although diabetes may reasonably result in limitations to do basic work activities, even when treated with medication, Plaintiff directs this Court to no evidence that Plaintiff 's diabetes had any more than a minimal effect on her ability to work.

Plaintiff's alleged fibromyalgia and polyarthritis were also frequently described as mild and controlled with medication. For example, on February 23, 2012, Dr. Young wrote in his treatment notes that, "[Plaintiff] has good grip and curl in her hands. There is no synovitis. There is no joint tenderness. She has full range of motion of her wrists, elbows and shoulders . . . There's minimal tenderness over her fibromyalgia trigger point areas." (ECF No. 11, p. 336). Even when Plaintiff's providers noted tenderness, Plaintiff maintained normal range of motion. (ECF No. 11, p. 453, 507). Plaintiff's polyarthritis was improving on a medication called Arava on February 23, 2012, and was stable on September 18, 2012. (ECF No. 11, pp.

336, 339). As for the pain Plaintiff suffers from her alleged impairments, the ALJ specifically considered Plaintiff's pain and discomfort when forming Plaintiff's RFC. (ECF No. 11, p. 45).

Based on the foregoing, this Court finds that the ALJ did not commit reversible error by finding Plaintiff's alleged diabetes, fibromyalgia, and polyarthritis were non-severe impairments within the meaning of the Act.

### B. Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 946, 966 (8th Cir. 2003).

The ALJ determined Plaintiff's subjective complaints were not entirely credible. (ECF No. 11, pp. 41-45). At the outset, this Court notes that the ALJ specifically accounted for Plaintiff's alleged pain:

> The factor of subjective pain and discomfort, which in and of itself may prove to be disabling, has been duly recognized and considered. However, not all such subjective pain and discomfort is disabling. The mere inability to work without some degree of pain or discomfort of a minimal to mild nature does not necessarily constitute a disability as defined in Social Security regulations. The level of [Plaintiff's] subjective pain and other discomfort and the functional restrictions which they impose have been taken into account by carefully considering all pertinent evidence in the record as a whole.

7

(ECF No. 11, p. 45). The ALJ noted that Plaintiff put forth questionable effort during her consultative examinations and stopped attending physical therapy sessions. (ECF No. 11, pp. 43-44). Plaintiff attended a physical therapy evaluation on July 17, 2012, and a progress note from September 6, 2012, indicates she cancelled an appointment because her son was in the hospital, but there is no evidence Plaintiff followed-up with all of her prescribed physical therapy. (ECF No. 11, pp. 328-30); See Guilliams v. Barnhart, 393 F.3d 798, 802 (8th Cir. 2005) ("A failure to follow a recommended course of treatment . . . weighs against a claimant's credibility"). Plaintiff attended a neuropsychological consultative examination with Dr. McInroe on December 12, 2013, which appears to have been completed by Dr. McInroe on March 19, 2014. (ECF No. 11, pp. 489-94). Among the other tests administered, Dr. McInroe administered the Test of Memory Malingering ("TOMM"). Dr. McInroe opined that, "[Plaintiff's] performance indicates that she gave sub-optimal effort during the evaluation. This indicates that she may be magnifying the level of her presenting symptomatology." (ECF No. 11, p. 492); See Davidson v. Astrue, 578 F.3d 838, 844 (8th Cir. 2009) (ALJ may discount Plaintiff's allegations if there is evidence Plaintiff is a malingerer or was exaggerating symptoms for financial gain).

The ALJ also considered Plaintiff's activities of daily living. (ECF No. 11, p. 40). He determined Plaintiff's impairments resulted in only a mild limitation to her daily activities. He noted that Plaintiff was able to feed and dress herself, she managed her own personal hygiene without assistance, she could prepare simple meals, ride in a car, and shop in stores. Id. Although Plaintiff's Function Report and hearing testimony allege she is incapable of doing nearly anything on her own, even getting out of bed, Plaintiff's own statements are not supported by the objective medical evidence. For example, on July 3, 2012, Dr. Katz, at

Northwest Arkansas Neurosurgery Clinic, noted Plaintiff had full range of motion of her spine and normal muscle strength, tone, and stability, and that she walked with a normal gait. (ECF No. 11, p. 318). On April 24, 2014, Dr. Toy noted Plaintiff had a right-sided limp but that she had good grip and full range of motion in her wrists, elbows, and shoulders despite tenderness in some areas. (ECF No. 11, pp. 452-53). Three days later, on April 27, 2014, Plaintiff reported to the emergency room of Mercy Hospital Northwest with wrist pain and although she reported positive for myalgias and arthralgias, she reported negative for back pain, joint swelling, gait problem, and stiffness. (ECF No. 11, p. 505). An objective physical examination of Plaintiff revealed some tenderness but normal range of motion, strength, muscle tone, and coordination. (ECF No. 11, p. 507).

Based on the foregoing, this Court finds the ALJ provided good reasons for discounting Plaintiff's subjective complaints and that substantial evidence in the record supports the ALJ's findings.

**C.    RFC Determination and Medical Opinions:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §§ 404.1545, 416.945. It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be

9

supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

Plaintiff specifically argues the ALJ should have included reaching and manipulative limitations in the RFC determination. (ECF No. 12). The only evidence Plaintiff cites in support of such limitations is the opinion of Seth Garner, a nurse practitioner. Id. at 6. The ALJ properly discounted the opinion of Mr. Garner because the record contains no evidence Mr. Garner treated Plaintiff prior to the assessment and because a nurse practitioner is not an acceptable medical sources whose opinion is entitled to the same weight as a treating physician or specialist. (ECF No. 11, p. 43). As previously discussed, on July 3, 2012, Dr. Katz noted Plaintiff had full range of motion in her spine and normal muscle strength, tone, and stability. (ECF No. 11, p. 318). On April 24, 2014, Dr. Toy noted Plaintiff had good grip and full range of motion in her wrists, elbows, and shoulders despite tenderness in some areas, and on April 27, 2014, Plaintiff had normal range of motion, strength, muscle tone, and coordination despite wrist pain. (ECF No. 11, pp. 505, 507). Although Plaintiff indicated some tenderness in her upper extremities and hands off and on throughout the relevant period, the ALJ specifically accounted for Plaintiff's pain in his RFC determination. (ECF No. 11, p. 45).

The Court notes that in formulating Plaintiff's RFC, the ALJ fully summarized all of Plaintiff's medical records and separately discussed each of her alleged impairments. Based on the ALJ's synopsis of Plaintiff's medical records and discussion of each of her alleged impairments, the Court concludes that the ALJ properly considered the combined effects of

Plaintiff's impairments, even those which the ALJ determined were non-severe. See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011).

The Court further notes that in determining Plaintiff's RFC, the ALJ considered the treatment notes and medical opinions of many treating physicians, and specialists, as well as those of the non-examining state agency consultants, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians") (citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (8th Cir. 2000) (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole). The ALJ also considered opinion testimony of an examining nurse practitioner and set forth the reasons for the weight given to the opinion. Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the relevant time period.

### D. Additional Medical Evidence

Reviewing courts have the authority to order the Commissioner to consider additional evidence but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); Woolf v. Shalala, 3 F.3d 1210 (8th Cir. 1993); Chandler v. Secretary of Health and Human Servs., 722 F.2d 369, 371 (8th Cir. 1983). "To be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the Commissioner's determination." Woolf, 3 F.3d at 1215. Thus, to qualify as "material," the additional evidence must not merely detail after-acquired conditions or post-

decision deterioration of a pre-existing condition. See Jones v. Callahan, 122 F.3d 1148, 1154 (8th Cir.1997) (holding immaterial evidence detailing a single incident occurring after decision and noting proper remedy for post-ALJ deterioration is a new application).

Plaintiff has provided additional medical evidence, which she contends the Commissioner must consider. Particularly, Plaintiff argues the results of a nerve conduction study, combined with the other evidence of the record, would change the Commissioner's determination. (ECF No.12). Dr. Johnson performed an objective physical examination of Plaintiff and determined her motor function was grossly intact in the lower extremities with no obvious atrophy, normal tone, and no tenderness to palpation. (ECF No. 11, p. 597). Dr. Johnson noticed Plaintiff's bilateral lower extremities and knees distally showed decreased sensitivity to light touch but she had symmetric knee and ankle jerks with no clonus. Id. Dr. Johnson further noted Plaintiff had no cyanosis, clubbing, or edema as well as no instability, subluxation, or rashes, and good active range of motion. Id. The electrodiagnostic study resulted in a diagnosis of generalized polyneuropathy, which Dr. Johnson noted was likely secondary to Plaintiff's diabetes. Id.

Although the additional medical records submitted by Plaintiff confirm prior diagnoses, Plaintiff has not put forth any evidence to establish a functional loss resulting from those diagnoses. Dr. Johnson recommended Plaintiff continue taking Lyrica and counseled her on diet, exercise, and blood sugar control. Id. This Court also notes that this evidence was not submitted to the Appeals Council until May 19, 2015, approximately eight months after the ALJ issued his written decision, despite the nerve conduction study being completed on July 21, 2014, less than two months after Plaintiff's administrative hearing and approximately two months prior to the ALJ's written decision. (ECF No. 11, p. 595). Plaintiff has not offered any

explanation to show good cause why no attempt was made to present this evidence to the ALJ prior to issuance of the written decision on September 26, 2014. See 42 U.S.C. § 405(g).

Based on the foregoing, the Court does not see a reasonable likelihood that the additional medical evidence would have changed the Commissioner's determination. Accordingly, this Court finds that the additional medical evidence submitted by Plaintiff is immaterial.

**IV.** **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The undersigned further finds that the Plaintiff's Complaint should be, and is hereby dismissed with prejudice.

IT IS SO ORDERED this 15th day of September, 2017.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE